1

2

3
# JS - 6
4

NOTE: CHANGES MADE BY
THE COURT
5

6

7

8
**UNITED STATES DISTRICT COURT**

9
**CENTRAL DISTRICT OF CALIFORNIA**

10
_____

Federal Trade Commission,                                    )

11
                                                             )Case No. SACV09-401 CJC (MLGx)

12
                                                             )
                    Plaintiff,                               )

13
                                                             )~~(PROPOSED)~~ **FINAL JUDGMENT**
                                                             )**AND ORDER FOR**

14
                    v.                                       )**PERMANENT INJUNCTION**
                                                             )**AS TO DEFENDANT BOAZ**

15
                                                             )**MINITZER**
                                                             )

16
                                                             )Judge: Hon. Cormac J. Carney
Federal Loan Modification                                    )

17
Law Center, LLP, et al.                                      )
                                                             )

18
                                                             )

19
                                                             )
                    Defendants,                              )

20
                                                             )
and                                                          )

21
                                                             )

22
MGO Capital                                                  )
                                                             )

23
                                                             )
                    Relief Defendant.                        )

24
                                                             )

25
_____)

26
        Plaintiff Federal Trade Commission ("FTC") commenced this civil action on

27
April 3, 2009, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to obtain

28
preliminary and permanent injunctive and other equitable relief for Defendants'

violations of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the marketing and sale of mortgage loan modification and foreclosure relief services. The FTC subsequently filed a First Amended Complaint on June 24, 2009, naming Defendants Federal Loan Modifications, SBSC Corporation, and Venture Legal Support, PLC and Relief Defendants Legal Turn, LLC and MGO Capital, and a Second Amended Complaint on October 1, 2010, naming LegalTurn, LLC as a Defendant, and removing that company as a Relief Defendant. The Court entered a Preliminary Injunction Order ("PI Order") in this case enjoining Defendants from, among other things, collecting advance fees from consumers, from making certain representations about their services, and from disposing of assets outside the ordinary course of business.

The FTC has moved for summary judgment on all counts of the Second Amended Complaint against Defendant Boaz Minitzer pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. The FTC's Motion for Summary Judgment against Defendant Boaz Minitzer is **GRANTED**, and **IT IS FURTHER ORDERED** as follows:

**FINDINGS**

After consideration of the FTC's Motion for Summary Judgment, the Court finds:

1.      This is an action by the FTC brought pursuant to Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 57(b). The Second Amended Complaint seeks both permanent injunctive relief and consumer redress for the Defendants' alleged deceptive acts or practices in connection with the marketing and sale of mortgage loan modification and foreclosure relief services.

2.      The FTC has authority under Sections 13(b) of the FTC Act to seek the relief it has requested, and the Second Amended Complaint states a claim upon which relief can be granted against Defendant Boaz Minitzer.

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1345, and 15 U.S.C. §§ 45(a) and 53(b) and has jurisdiction over Defendant.  Venue in the Central District of California is proper.

4.     The activities of Defendant Boaz Minitzer, as alleged in the Second Amended Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.     The factual allegations in the FTC's Second Amended Complaint are taken as true against Defendant Minitzer.  Those allegations and the evidence supporting them establish that Defendant violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce.

6.     Defendants, in connection with the advertising, marketing, promotion, offering for sale, and sale of mortgage loan modification services, violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) by making false and misleading statements to induce consumers to purchase these services, including but not limited to the representations that Defendants would obtain loan modifications for consumers in all or virtually all cases and that Defendants were part of, affiliated with, or endorsed by the United States Government or one or more federal government programs.

7.     Defendants have operated as a common enterprise in engaging in deceptive acts and practices in violation of Section 5(a) of the FTC Act.  Defendants share or have shared office space and employees, are commonly controlled, commingle or have commingled funds, and have participated in a common scheme to deceive consumers.  Because Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged in the FTC's Second Amended Complaint.

8.     At all times material to this complaint, Defendant Boaz Minitzer, acting alone or in concert with others, had authority to control, directly participated in, and had knowledge of the deceptive acts and practices of corporate Defendants, including

the acts and practices alleged in the FTC's Second Amended Complaint, and thus is jointly and severally liable for these acts and practices.

9.     This action and the relief awarded herein, are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

10.    Entry of this Order is in the public interest.

11.    Entry of this Order resolves the FTC's action against Defendants, and there is no just reason for delay in certifying this Order as final.  Therefore, the FTC is entitled to entry of this judgment now pursuant to Rule 54(b).

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.     *"Defendant"* means Boaz Minitzer individually.

2.     *"Person"* means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

3.     *"Servicer"* means any beneficiary, mortgagee, trustee, loan servicer, loan holder, or any entity performing loan or credit account administration or processing services and/or its authorized agents.

4.     *"Assisting others"* includes, but is not limited to, providing any of the following goods or services to another person:  (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication; (C) providing names of, or assisting in the generation of, potential customers; (D) performing marketing services of any kind; or (E) acting or serving as an owner, officer, director, manager, or principal of any entity.

5.     *"Material fact"* means any fact that is likely to affect a person's choice

of, or conduct regarding, goods or services.

6.    ***"For-profit"*** means any activity organized to carry on business for the profit of the entity engaging in the activity or that of its members.

7.    ***"Credit"*** means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

8.    ***"Advance-fee loan"*** means any good service, plan, or program that is represented, expressly or by implication, to provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit, in exchange for payment of any fee or other consideration in advance of the consumer receiving the represented loan or other extension of credit.

9.    ***"Credit repair good or service"*** means any good, service, plan or program represented, expressly or by implication, to (A) improve, or arrange to improve, any consumer's credit record, credit history, or credit rating, or (B) provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

10.   ***"Debt relief good or service"*** means any good, service, plan or program, including debt management plans, debt settlement, debt negotiation, and for-profit credit counseling, represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of any secured or unsecured debt, including but not limited to credit card, medical, vehicle loan, and tax debt, between a consumer and one or more creditors, servicers, or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to a creditor, servicer, or debt collector.

11.   ***"Mortgage loan modification or foreclosure relief service"*** means any good, service, plan, or program that is represented, expressly or by implication, to assist a consumer in any manner to (A) stop, prevent, or postpone any home mortgage or deed of trust foreclosure sale; (B) obtain or arrange a modification of

any term of a home loan, deed of trust, or mortgage; (C) obtain any forbearance from any mortgage loan holder or servicer; (D) exercise any right of reinstatement of any mortgage loan; (E) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the owner of  property sold at foreclosure may cure his or her default or reinstate his or her obligation; (F) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust; (G) obtain a loan or advance of funds that is connected to the consumer's home ownership; (H) avoid or ameliorate the impairment of the consumer's credit record, credit history, or credit rating that is connected to the consumer's home ownership; (I) save the consumer's residence from foreclosure; (J) assist the consumer in obtaining proceeds from the foreclosure sale of the consumer's residence; (K) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (L) obtain or arrange a refinancing, recapitalization, or reinstatement of a home loan, deed of trust, or mortgage; (M) audit or examine a consumer's mortgage or home loan application; or (N) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the renter of property sold at foreclosure may continue to occupy the property.  The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, credit, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors or servicers on behalf of the consumer; and giving advice of any kind with respect to filing for bankruptcy.

12. ***"Federal homeowner relief or financial stability program"*** means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or endorsed by the United States government to provide relief to homeowners or stabilize the economy, including but not limited to (A) the Making Home Affordable Program; (B) the Financial Stability Plan; (C) the Troubled Asset Relief Program and any other program sponsored or operated by the United States Department of the Treasury; (D) the HOPE for Homeowners program, any program

operated or created pursuant to the Helping Families Save Their Homes Act, and any other program sponsored or operated by the Federal Housing Administration; or (E) any program sponsored or operated by the United States Department of Housing and Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership Preservation Foundation, or any other HUD-approved housing counseling agency.

**ORDER**

**BAN ON MORTGAGE LOAN MODIFICATION AND FORECLOSURE RELIEF SERVICES**

**I.     IT IS THEREFORE ORDERED** that Defendant, whether acting directly or through any other person, is permanently restrained and enjoined from

      A.     Advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service; and

      B.     Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service.

**BAN ON DEBT RELIEF AND CERTAIN OTHER FINANCIAL-RELATED GOODS AND SERVICES**

**II.     IT IS FURTHER ORDERED** that Defendant, whether acting directly or through any other person, is permanently restrained and enjoined from:

      A.     Advertising, marketing, promoting, offering for sale, and or selling any debt relief good or service, credit repair good or service, advance fee loan, or any credit, debit, or stored value card, including pre-paid calling cards; or

      B.     Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling of any debt relief good or service, credit repair good or service, advance fee loan, or any credit, debit, or stored value card, including pre-paid calling cards.

**PROHIBITED REPRESENTATIONS RELATING TO ANY GOODS OR SERVICES**

**III.   IT IS FURTHER ORDERED** that Defendant and his successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good, service, plan, or program, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.   Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.   That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, any federal homeowner relief or financial stability program, or any other program;

C.   The total costs to purchase, receive, or use, and the quantity of, the good or service;

D.   Any material restriction, limitation, or condition to purchase, receive, or use the good or service; and

E.   Any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

## MONETARY RELIEF

**IV.   IT IS FURTHER ORDERED** that:

A.   Judgment is hereby entered against Defendant, jointly and severally, in the amount of ten million three-hundred ninety-seven thousand two-hundred sixty dollars ($10,397,260).  This amount shall become immediately due and payable by Defendant upon entry of this Order, and interest computed at the rate prescribed

1   under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the

2   unpaid balance;

3          B.     Any funds received by the FTC pursuant to this Section shall be

4   deposited into a fund administered by the FTC or its agent to be used for equitable

5   relief, including but not limited to consumer redress and any attendant expenses for

6   the administration of any redress funds.  In the event that direct redress to consumers

7   is wholly or partially impracticable or funds remain after redress is completed, the

8   FTC may apply any remaining funds for such other equitable relief, including but not

9   limited to consumer information remedies, as the FTC determines to be reasonably

10  related to the practices alleged in the Amended Complaint.  Any funds not used for

11  such equitable relief shall be deposited to the U.S. Treasury as equitable

12  disgorgement.  Defendant shall have no right to challenge the FTC's choice of

13  remedies or the manner of distribution.

14         C.     The judgment entered pursuant to this Section is equitable monetary

15  relief, solely remedial in nature, and not a fine, penalty, punitive assessment or

16  forfeiture.

17         D.     Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C.

18  § 1681b(1), any consumer reporting agency may furnish a consumer report

19  concerning Defendant to the FTC, which shall be used for purposes of collecting and

20  reporting on any delinquent amount arising out of this Order.

21                          **RETENTION OF JURISDICTION**

22  **V.     IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

23

24  //

25  //

26  //

27  matter for purposes of construction, modification, and enforcement of this Order.

28

**SO STIPULATED AND AGREED**:


      **IT IS SO ORDERED**, this 6th day of December, 2010

_____
Cormac J. Carney
United States District Judge

10